**ORDERED.**

Dated: April 08, 2024

*Grace E. Robson*
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| IN RE | CASE NO.: 6:24-bk-00468-GER |
| | CHAPTER 11 |
| NJ CRIMINAL INTERDICTION LLC, | |
| | *Subchapter V Election* |
| Debtor. | |
| _____/ | |

**ORDER GRANTING AMENDED MOTION OF THE OFFICE**
**OF THE NEW JERSEY STATE COMPTROLLER FOR ENTRY OF AN**
**ORDER DETERMINING THE AUTOMATIC STAY DOES NOT APPLY (DOC. NO. 41)**

THIS CASE came before the Court for hearing on March 26, 2024 at 10:00 a.m. (the "Hearing") upon the *Amended Motion of the Office of the New Jersey State Comptroller for Entry of an Order Determining the Automatic Stay Does Not Apply, or Alternatively, Granting Relief From the Stay to Permit it to Enforce its Police and Regulatory Powers Under 11 U.S.C. § 362(B)(4)* (the "Motion") (Doc. No. 41), and the Response[1] (Doc. No. 55) thereto filed by Debtor NJ Criminal Interdiction LLC ("Debtor"). At the Hearing, the Office of the New Jersey State Comptroller ("OSC") stated on the record that because it already obtained live testimony of Debtor's principal, Mr. Dennis Benigno, it was not seeking any further live testimony from him in

---

[1] *Debtor's Response in Opposition to the Amended Motion of the Office of the New Jersey State Comptroller for Entry of an Order Determining the Automatic Stay Does Not Apply, or Alternatively, Granting Relief From the Stay to Permit it to Enforce its Police and Regulatory Powers Under 11 U.S.C. § 362(B)(4)* (the "Response").

connection with its investigation; what OSC was seeking was the production of the documents subject of a subpoena issued prior to the commencement of the bankruptcy case. The Court, having reviewed the Motion and the Response, and considered the arguments of counsel present at the Hearing, finds it appropriate to grant relief to the extent provided in this Order. Accordingly, it is

**ORDERED**:

1. The Motion (Doc. No. 41) is **GRANTED**.

2. The automatic stay does not apply to the exercise of police and regulatory powers by OSC with respect to non-monetary orders or judgments. Specifically, OSC is entitled to continue its investigation, including seeking compliance with the New Jersey State Court's Order (the "State Court Order") enforcing its subpoena as to the documents referenced in paragraph 3 below.

3. On or before April 30, 2024, in compliance with its obligations under the State Court Order, the Debtor shall provide to OSC the following documents and information:

> Any and all documents concerning officer attendance at trainings, courses, seminars, events, or other instruction provided by Dennis Benigno and/or any other instructors/presenters for NJ CRIMINAL INTERDICTION, LLC d/b/a Street Cop Training that occurred in the State of New Jersey between January 2019 and the present. This request is seeking class lists or the equivalent (e.g. attendance sheets, certificates of completion, registration lists, etc.) showing the names and respective departments of all officers who attended.

4. Nothing in this Order precludes Debtor from seeking an extension of the April 30, 2024 production deadline set forth in paragraph 3 from the applicable New Jersey State Court or other relief.

### # # #

Attorney Jason E. Slatkin, Esq., is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the Order.